UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
T.H., *individually and on behalf of M.H., a child with a* : 
*disability*, :
: 21-CV-10962 (JMF) (JLC)
Plaintiff, :
: ORDER ADOPTING
-v- : REPORT AND
: RECOMMENDATION
NEW YORK CITY DEPARTMENT OF EDUCATION, :
:
Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The Court referred this case, familiarity with which is presumed, to Magistrate Judge James L. Cott for a Report and Recommendation. In a Report and Recommendation filed on November 15, 2022 (the "R&R"), Magistrate Judge Cott described the relevant facts and procedural history and recommended that the undersigned award Plaintiff $24,571.76 (plus post-judgment interest) in fees and costs pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"). *See* ECF No. 34 ("R&R"). On November 29, 2022, Plaintiff timely filed objections to the R&R. *See* ECF No. 36. On December 22, 2022, Defendant filed a response to Plaintiff's objections. *See* ECF No. 42.

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that

there is no clear error on the face of the record.  *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his or her original arguments.  *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Upon review of the parties' papers, the Court overrules Plaintiff's objections, substantially for the reasons set forth in Defendant's opposition, and ADOPTS Magistrate Judge Cott's thorough and well-reasoned R&R in its entirety.  In fact, if anything, Magistrate Judge Cott was *more* generous to Plaintiff than he might have been.  *See R.P. v. N.Y.C. Dep't of Educ.*, No. 21-CV-4054 (JMF), 2022 WL 1239860, at *3-4 (S.D.N.Y. Apr. 27, 2022) (reducing Plaintiff's counsel's hourly rates by more than Magistrate Judge Cott recommended here); *id.* at *7 (reducing Plaintiff's counsel's billing for litigation in federal court by thirty percent — versus the twenty percent recommended by Magistrate Judge Cott here — and citing "recent cases in this district" that had reduced Plaintiff's counsel's hours by between twenty-five and fifty percent).  The Court need not and does not decide whether Magistrate Judge Cott was overly generous to Plaintiff, as Defendant did not file objections of its own to the R&R.  It suffices to say that Plaintiff is not entitled to *more* than what Magistrate Judge Cott recommended.

Accordingly, Magistrate Judge Cott's R&R is ADOPTED in full, and Plaintiff is awarded a total of $24,571.76 in attorney's fees and costs, plus post-judgment interest.

The Clerk of Court is directed to terminate ECF No. 17; to enter judgment consistent with this Order; and to close the case.

SO ORDERED.

Dated: December 29, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge